## Cambria County Commissioners' Petition

*George M. Spence,* for petitioners.

*Arnold D. Smorto,* for prospective purchaser Lochrie.

*Neice A. Malloy,* for prospective purchaser Windber Construction Co.

*Clarence E. Davis,* for prospective purchaser Porea.

*George L. Reade,* prospective purchaser, p. p.

GRIFFITH, J., January 17, 1944.—Four petitions, in which the Commissioners of Cambria County were petitioners, were presented to the court asking its approval of the sale by the county commissioners of 399 acres of land in Adams Township, reserving 50 acres of surface theretofore sold, assessed in the name of F. P. Martin, the assessment being for 372 acres.

In the first of these petitions, entered to no. 102, June term, 1943, C. P. D., the commissioners requested the approval by the court of a sale to Thomas Lochrie for the sum of $300. In the second of these petitions, entered to no. 370, June term, 1943, C. P. D., the commissioners requested the approval by the court of a sale to John T. Porea, Jr., for the sum of $600. In the third of these petitions, entered to no. 277, June term, 1943, C. P. D., the commissioners requested the approval by the court of a sale to Windber Construction Company for the sum of $700. After the third petition was presented, the said John T. Porea, Jr., on August 12, 1943, raised his offer to $1,000. In the fourth of these petitions, entered to no. 369, June term, 1943, C. P. D., the commissioners requested the approval by the court of a sale to George L. Reade, Esq., for the sum of $1,200. The fourth petition was presented to the court for preliminary decree on August 24, 1943, and on the same date the Commissioners of Cambria County entered into an agreement with Hannah Lochrie, under the provisions of the Act of July 28, 1941, P. L. 535, 72 PS §6105.1, permitting her, as the owner,

to redeem upon payment under the instalment plan of the full amount of taxes, interest, penalties, and costs in the sum of $2,882.65.

. The said Hannah Lochrie had acquired title to the tract of land in question by deed of Mary J. Foster et vir et al., heirs of F. P. Martin, dated August 17, 1933, and recorded in the Recorder's Office of Cambria County in deed book, vol. 456, p. 29, the consideration named in said deed being in the sum of $3,000.

On April 4, 1938, this property was sold by the Treasurer of Cambria County to the county commissioners thereof on account of delinquent taxes accrued while assessed in the name of F. P. Martin Estate. The period of redemption, therefore, expired five years later, or on April 4, 1943. The property was afterwards sold by the county treasurer to the county in the name of Hannah Lochrie on April 1, 1942, and the period of redemption on this sale would not expire until April 1, 1944. However, in our opinion, the second sale need not be considered in this proceeding.

These petitions for private sale of real estate were under the provisions of the Act of May 21, 1937, P. L. 787, as amended by the Act of July 29, 1941, P. L. 600, 72 PS §5878(b), (c), and (d).

At the hearing, on motion of the county solicitor, there being no objection on the part of the prospective purchasers, the petitions of the county commissioners for sale to Thomas Lochrie and to the Windber Construction Company were withdrawn by leave of court. The county solicitor likewise moved to withdraw from the consideration of the court the petition of the county commissioners asking approval by the court of a sale to John T. Porea, Jr., and to George L. Reade, Esq., entered to no. 370 and no. 369, respectively, June term, 1943, C. P. D. These motions were denied for the present, and the question to be determined in this proceeding is whether they should now be allowed.

Before each petition was filed with the court, the prospective purchaser paid the amount of the bid into the office of the county commissioners. In the case of the agreement entered into between the county commissioners and Hannah Lochrie on August 24, 1943, under the provisions of the Act of 1941, supra, one fifth of the taxes, interest, penalties, and costs, or the sum of $710.45, was paid to the county commissioners at the time of the execution of the instalment agreement provided for under this act. On August 30, 1943, one of the prospective purchasers, John T. Porea, Jr., appeared by counsel before the court and stated that he would give $3,000 for this property. At the time, the matter was set down for hearing to be held on September 10, 1943, and on this date the said John T. Porea, Jr., increased his offer to the sum of $4,000.

No objection has been filed to the approval by the court of either of the petitions or the redemption on the part of any of the taxing bodies, nor has one of the prospective purchasers, George L. Reade, Esq., filed a brief of argument. A brief, however, has been filed on behalf of John T. Porea, Jr., and in this brief two reasons are advanced why the petition of the commissioners to sell to him should not be withdrawn.

The first contention is that Hannah Lochrie was the real party in interest in making an offer to the county commissioners to purchase the premises in question for the sum of $300, although the petition requested a sale to her husband, Thomas Lochrie, and that therefore she waived all her rights under the provisions of the Act of July 28, 1941, P. L. 535, to enter into an instalment agreement for redemption. The second contention is that the commissioners abused their discretion in entering into an agreement of redemption with Hannah Lochrie because they "had reason to believe" that an offer in excess of the full amount of the taxes, penalties, interest, and costs would be made at the hearing scheduled for August 30, 1943.

With the latter contention we cannot agree. In the case of Weible's Tax Compromise, 48 D. & C. 213, the Court of Common Pleas of Lawrence County had before it the question whether a redemption should be permitted under the Act of July 17, 1935, P. L. 1091, 72 PS §5879, which permits the county commissioners, in their discretion, to permit redemption "provided all taxes with interest and costs due thereon, but less any penalties, shall be paid". In spite of the fact that a higher offer had been made by a stranger to the title, the court, nevertheless, while disapproving a compromise for less than the amount of the taxes, interest, and costs, less penalties, approved a settlement "whereby the former owner shall pay all taxes with interest and costs due thereon but less any penalties". We believe that neither the Act of 1935, supra, nor the Act of 1941, supra, requires approval by the court of a redemption by the former owner. Redemption under the Act of 1935, upon payment of taxes, interest, and costs, less penalties, is discretionary with the county commissioners.

The county solicitor contends that redemption under the Act of 1941, upon payment of the taxes, interest, costs, and penalties is likewise discretionary with the county commissioners. The act provides that ". . . any person who was or is entitled under existing law to redeem such property shall have such right of redemption . . . upon the payment of the amount due thereon by installments . . ." For the purposes of this case, however, we do not need to decide whether the owner, by proceeding under the Act of 1941, has an absolute or merely a qualified right of redemption because in this case the county commissioners entered into an agreement of redemption with her.

The position of the county commissioners, however, is much stronger in this case than in the case of Weible's Tax Compromise, supra. In that case a stranger

had definitely bid a sum in excess of the amount of taxes, penalties, interest, and costs, and a petition to sell the lands to him at private sale for such sum was before the court at the time of the agreement of redemption between the county commissioners and the owner. In this case, however, the highest bid made to the county commissioners or to the court at the time the commissioners agreed with Mrs. Lochrie to permit her to redeem for $2,882.65 was a bid of $1,200 made by George L. Reade, Esq. Under these circumstances, even though the county solicitor's contention that the owner's right to redeem is a qualified one be correct, the commissioners could hardly have refused to accept a redemption which was $1,682.65 in excess of the highest offer. It is true, as pointed out by counsel for Mr. Porea, that County Commissioner Thomas testified: "I have recollection of a $3,000 offer, but whether in the form of an offer, I don't remember." However, this testimony is immediately followed by the following:

"Q. In other words, you might have heard somebody say there might be a bid of three or four thousand dollars but nobody made a formal offer, accompanied with a check or petition, or told you he was going to bid that amount? A. That's right."

Certainly, the commissioners would have been subject to deserved criticism had they attempted to refuse Hannah Lochrie's offer of redemption at the time they had before them an offer of but $1,200, merely on the strength of a rumor that somebody might later give them three or four thousand dollars.

In the language of Chief Justice Gibson in Steiner et al. v. Coxe, 4 Pa. 13, 26: "The end being attained without it, the county is indifferent to the destination of the land; and the commissioners are consequently not bound by any motive of policy to sacrifice the property of the debtor. It consists not with the justice or the dignity of a free government to confiscate the es-

tates of its citizens; or make them bear more than their respective proportions of the public burdens; or to speculate on their short-comings as sources of increased revenue."

Neither do we agree with the first contention advanced by John T. Porea, Jr., that Hannah Lochrie waived her right to redeem under the provisions of the Act of 1941, supra, by paying the full amount of taxes, penalties, interest, and costs, by reason of having made a prior offer to compromise such taxes for a lesser sum. As we have seen above, the Act of July 28, 1941, P. L. 535, provides that any person who was or is entitled under existing law to redeem his property "shall have such right of redemption so long as the title thereto remains in said political subdivision upon the payment of the amount due thereon by installments". Counsel for John T. Porea, Jr., has not pointed out to the court any authority for overriding this right of redemption thus given to the owner in the event that said owner, before exercising such right, first attempts to compromise his or her taxes for a lesser amount. Without such authority we are unable to read such a result into this act of assembly. Moreover, there is authority to the contrary. In Scanlon's Petition, 48 D. & C. 222, the court of Lawrence County had before it this precise question, and Judge Braham ruled against what is now the contention of Mr. Porea. With the reasoning in that case we are in entire accord.

In the Scanlon case, James A. Fletcher had been acting as a bidder for the heirs of Honora Scanlon and entered into an agreement with the County Commissioners of Lawrence County to purchase at private sale the lands of the Scanlon estate for the sum of $2,700. A stranger having made a higher bid, the commissioners entered into a second agreement with James A. Fletcher providing for a sale for $3,555. The same stranger again made a higher bid, and Eugene

Scanlon, "one of the heirs for whom Mr. Fletcher had been acting", appeared and wished to raise his bid. Further competitive bidding resulted and the stranger was again the high bidder, and a date was thereupon fixed for final bidding. However, at the time appointed for the bidding, a petition was presented by the county commissioners asking the court's approval of an agreement between the commissioners and the heirs of Honora Scanlon, including Eugene Scanlon, for a compromise of taxes in the sum of $4,000. The face of the taxes, plus the costs, amounted to $3,961.32. At the hearing, the stranger bid $4,500. The question before the court was whether to approve the private sale to the stranger for $4,500 or compromise with the former owners for $4,000. The court did neither, but in lieu thereof approved a redemption by the former owners under the Act of July 17, 1935, P. L. 1091, 72 PS §5879, whereby they paid the taxes, interest, and costs, less penalties, even though "a larger offer from an outsider must be rejected". Although the approval of the court was in reality not required for such redemption, the court said (p. 225):

"The law has always favored allowing the former owner to pay the back taxes and recover the property. . . . Furthermore, there is a point at which the commissioners may compromise back taxes on lands bought by a county at tax sale without approval of court. This is by payment of taxes with interest and costs but less penalties, under the Act of July 17, 1935, P. L. 1091, sec. 1, 72 PS §5879 . . ."

In the case before us, the commissioners have entered into the redemption agreement, not under the Act of 1935, but under the Act of 1941, which provides payment of taxes, interest, costs, and penalties in full, and the approval of the court is not required for such redemption.

We, therefore, enter the following

*Decree*

And now, January 17, 1944, after due consideration, the motions of the county solicitor heretofore made on behalf of the Commissioners of Cambria County to withdraw from the consideration of the court their petition entered to no. 370, June term, 1943, C. P. D., which asked approval of a private sale to John T. Porea, Jr., and their petition entered to no. 369, June term, 1943, C. P. D., which asked approval of a private sale to George L. Reade, Esq., are allowed, and leave of court is hereby given to the withdrawal of said petitions by the petitioners, the Commissioners of Cambria County.